**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> AMADO B. JAURIGUE and ) <br> ESTER F. JAURIGUE, ) <br> ) <br> Defendant. ) <br> ) | Case No. 5:14-cv-00310-PSG <br><br> **ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT CASE BE REMANDED** <br><br> **(Re: Docket No. 1)** |

Yesterday the court held a case management conference in this case. Only Defendant Amado B. Jaurigue appeared at the conference. Although Defendants assert this case belongs in federal court on the basis of both diversity and federal question jurisdiction, neither basis is satisfied in this case. Because the court has not obtained the consent of the parties,[1] the case shall be reassigned with the recommendation that the case be remanded to state court for lack of subject matter jurisdiction.[2]

---

[1] *See* 28 U.S.C. § 636(c).

[2] This court is ordering reassignment to a district judge because, absent consent of all parties, the undersigned magistrate does not have the authority to make case-dispositive rulings. *See Tripati v. Rison*, 847 F.2d 548, 548-49 (9th Cir. 1988); *see also JPMorgan Chase Bank, Nat. Ass'n v. Chavez*, Case No. 5:11-cv-05129-PSG, 2011 WL 6760349, at *1 n.3 (N.D. Cal. Dec. 5, 2011).

First, Defendants are in-state California residents.  Defendants explained this in their papers[3] and Amado Jarigue confirmed it at the hearing.[4]  Because Defendants reside in California, removal of their state court case on the basis of diversity is not an available avenue to federal court.[5]

Second, although Defendants suggest that this case may be removed on the basis of federal question jurisdiction, this is not so.[6]  Plaintiff US Bank National Association's complaint does not, on its face, raise a federal question.  US Bank "states a single unlawful detainer claim, which falls outside federal question jurisdiction."[7]  While Defendants suggest "that the Fair Debt Collection

---

This court is ordering reassignment to a District Judge because, absent consent of all parties, a Magistrate Judge does not have authority to make case-dispositive rulings.  *See* 28 U.S.C. § 636(c)(1); *Tripati v. Rison*, 847 F.2d 548, 548–49 (9th Cir. 1988).  The Ninth Circuit has left open the question of whether a remand to state court is a "pretrial matter" which may be referred to a magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A).  *See Nasca v. Peoplesoft*, 160 F.3d 578, 580 n.3 (9th Cir. 1998) ("We express no opinion regarding [the magistrate judge's] authority [to remand the case] had the matter been referred under 28 U.S.C. § 636(b).")).  It nonetheless appears that all other appellate courts that have addressed the issue have found that remand is not merely a pretrial matter.  *See, e.g., In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998) (finding that a remand order is the "functional equivalent" of an order of dismissal for purposes of 28 U.S.C. § 636(b)(1)(A)).  Accordingly, out of an abundance of caution, the court proceeds by way of a recommendation and reassignment order.

[3] *See* Docket No. 1 at ¶ 6 ("At this time the Defendant is a citizen of California.").

[4] *See* Docket No. 9.

[5] *See* 28 U.S.C. § 1441(b)(2) ("(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *Contreras v. MTC Fin. Inc.*, Case No. 5:10-cv-05836-LHK, 2010 WL 5441950, at *1 (N.D. Cal. Dec. 28, 2010) (Pursuant "to 28 U.S.C. § 1441(b), a defendant who is a state resident cannot remove based on diversity to a federal court in his state of residence.").

[6] *See* Docket No. 1 at ¶¶ 9-15.

[7] *Aurora Loan Servs., LLC v. Trevor*, Case No. 11-cv-07279-MMM-JCGX, 2011 WL 6178828, at *4 (C.D. Cal. Dec. 12, 2011)  (citing *IndyMac Federal Bank, F.S.B. v. Ocampo,* Case No. EDCV-09–2337-PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez,* Case No. 5:09-cv-05985-HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park,* Case No. EDCV-09–1660-PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.

Practices Act provides a basis for federal jurisdiction," US Bank's "complaint does not mention that statute or any other federal law."[8] Any allegations by Defendants that US Bank has "violated the act would constitute either a defense or a counterclaim, neither of which would provide a basis for federal jurisdiction."[9]

In sum, because removal was not warranted and subject matter jurisdiction is absent, the undersigned recommends the case be remanded.

**IT IS SO ORDERED.**

Dated: June 11, 2014

                                                           /s/ Paul S. Grewal
                                                           PAUL S. GREWAL
                                                           United States Magistrate Judge

---

Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists")).

[8] *Id.*

[9] *Id.* (citing *Pacifca L. Sixteen, LLC v. Lopez*, Case No. 1:11-cv-01342-AWI-SKO, 2011 WL 4375007, at *2–3 (E.D. Cal. Sept. 19, 2011) (allegations that plaintiff had violated the Fair Debt Collection Practices Act was a defense, and did not provide federal question jurisdiction in an unlawful detainer action); *Wertz v. Baltakian*, Case No. 10-cv-7730-CAS (JCx), 2010 WL 4795376, at *1 (C.D. Cal. Nov. 16, 2010) (same); *GMAC Mortg. v. Amaya*, Case No. 4:10-03665-SBA, 2010 WL 4924760, at *1 (N.D. Cal. Nov.8, 2010) ("Here, Defendants' notice of removal alleges that Plaintiff brings claims in the state court action under the Fair Debt Collections Practices Act and the Truth in Lending Act. That is simply incorrect. Plaintiff's complaint is solely for unlawful detainer and does not assert any federal cause of action; in fact, the complaint makes no mention of any federal statute" (citations omitted))).